```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ALEAH DEAN,

      Plaintiff,
v.                                    Case No.: 8:12-cv-1507-T-33AEP

COMMUNITY DENTAL SERVICES, INC.,
DENTAL POWER OF FLORIDA, INC.,
ARGUS DENTAL PLAN, INC., NICHOLAS
M. KAVOUKLIS, and EDITH L.
KAVOUKLIS,

      Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. # 11), filed on August 10, 2012. Plaintiff filed her Response in Opposition to the Motion on August 16, 2012. (Doc. # 12). For the reasons stated below, the Court grants in part and denies in part the Motion to Dismiss.

**I. Background**

Defendant Nicholas M. Kavouklis, DDS is a dentist who owns and operates Dental Power of Florida, Inc. and Argus Dental Plan, Inc. as the President, Chief Executive Officer and principal owner of each, respectively. (Doc. # 1 at ¶ 16). Nicholas Kavouklis is also the Chief Dental Officer of

Community Dental Services, Inc. Id. at ¶ 15. Defendant Edith L. Kavouklis owns and operates Community Dental as its President, Chief Executive Officer and principal owner. Id. at ¶ 24. Both Defendants Nicholas Kavouklis and Edith Kavouklis manage, oversee and operate Dental Power, Argus Dental, and Community Dental as a single business enterprise. Id. at ¶¶ 17, 25.

Plaintiff Aleah Dean was employed by Defendants from October 24, 2011, to April 20, 2012, as Staffing Agent and Business Office Director. Id. at ¶ 28. Plaintiff's primary duties were secretarial and consisted of typing, bookkeeping, responding to telephone calls and maintaining files and records. Id. at ¶ 29. Plaintiff was paid an annual salary of $38,000 and avers she worked approximately three overtime hours per week from October 24, 2011, through January 1, 2012. Id. at ¶¶ 32-33.

Plaintiff also alleges that she participated in Defendants' health care plan and was terminated on for reasons other than gross misconduct. Id. at ¶¶ 44-45. Plaintiff asserts that her termination was a qualifying event pursuant to 29 U.S.C. § 1166(a) and that Defendants failed to provide Plaintiff notice of her COBRA rights in violation of federal law. Id. at ¶¶ 46-47.

2

On July 6, 2012, Plaintiff filed this action against Defendants, alleging that Defendants failed to pay Plaintiff time and one half of her regular rate of pay for overtime hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (Count I); and failed to notify Plaintiff of her right to extended health coverage under the Consolidated Omnibus Reconciliation Act ("COBRA"), 29 U.S.C. § 1166 (Count II). (Doc. # 1). Defendants seek dismissal of both counts pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.  Rule 12(b)(1) Legal Standard

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the

jurisdictional attack is factual, as in the instant case, the Court may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

### III. Analysis

#### A. Count I

Defendants argue that Plaintiff's FLSA claim as asserted in Count I is moot and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) because Defendants have made a tender offer to the Plaintiff for the entire amount claimed by Plaintiff. (Doc. # 11 at 2). Specifically, Plaintiff sent a demand letter to Defendants dated June 13, 2012, indicating that her overtime wages and liquidated damages equaled $1,644.26 and further indicating that Plaintiff had so far

incurred $1,250.00 in attorney's fees. (Doc. # 16 at 6).[1] On August 6, 2012, Defendants responded by sending Plaintiff a $1,644.26 check issued by Community Dental. Id. at 10. Shortly thereafter, Plaintiff rejected Defendants' offer by returning Defendants' check uncashed.

A case is moot when the parties lack a legally cognizable interest in the outcome or when there is no longer a live controversy with respect to which the court can give meaningful relief. See City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000). As recently explained in Evans v. General Mechanical Corp., 6:12-cv-229, 2012 U.S. Dist. LEXIS 57715, at

---

[1] The demand letter accuses Defendants of other conduct not mentioned in the Complaint. Among other allegations, the demand letter accuses Defendants of violating Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992, and the Family and Medical Leave Act. Beyond FLSA and COBRA contentions, Plaintiff alleges that she was terminated from her position due to becoming pregnant. Among other allegations, the demand letter indicates:

> On Ms. Dean's first day of employment, she was asked by her supervisor, Mrs. Edith L. Kavouklis, about her home life, whether she was married, had a boyfriend or had any plans to have kids. Mrs. Kavouklis told Mrs. Dean that the company needed her help and made it clear that it would not be a good idea to have children in the near future. Mrs. Kavouklis would make constant comments to Ms. Dean warning her not to become pregnant until their company's business was "well established."

(Doc. # 16 at 4).

5

\*2 (M.D. Fla. Apr. 25, 2012), "FLSA claims are frequently mooted where an employer/defendant tenders 'full payment.'" See also Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1244 (11th Cir. 2003)(mootness doctrine applies to FLSA cases); Gathagan v. The Rag Shop/Hollywood, Inc., No. 04-80520, 2005 U.S. Dist. LEXIS 47235, at \*7 (S.D. Fla. Feb. 10, 2005)(defendant's tender of plaintiff's maximum recoverable damages rendered plaintiff's case moot); Mackenzie v. Kindred Hosps. E., 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003)(offer of full relief eliminates a legal dispute upon which federal jurisdiction can be based and renders the case moot).

In Dionne v. Floormasters Enters., Inc., 667 F.3d 1199 (11th Cir. 2012), the Eleventh Circuit determined that a FLSA claim was moot upon full payment of such claim.  There, the FLSA plaintiff accepted the tender and agreed that the action was moot.  In the present case, however, Plaintiff indicates that she rejected the tender offer by returning the check to the Defendants. (Doc. # 12 at 2).  Plaintiff has not conceded that her FLSA claim is moot.  She asserts that she is unsure of the exact wages owed and can only estimate the compensation that will be required under the FLSA. Id.

The Court rejects Plaintiff's contention.  Her counsel issued a demand letter as to Plaintiff's FLSA overtime claim

for a sum certain, and Defendants tendered that exact amount. Plaintiff's present contention that "Plaintiff did not make a claim for a specific sum certain, and as such, the Court as well cannot dismiss the [FLSA claim] merely because the Defendant sent a check for a specified dollar amount" is disingenuous and is belied by the demand letter before the Court. (Doc. # 12 at 2; Doc. # 16 at 6). Judge Posner's decision discussing an unaccepted offer in Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999), is highly persuasive: "Such an offer, by giving the plaintiff the equivalent of a default judgment (here it was actually larger by $ 200 than a default judgment would have been), eliminates a legal dispute upon which federal jurisdiction can be based . . . you cannot persist in suing after you've won."

This Court determines that Defendants' tender of Plaintiff's FLSA overtime wages and liquidated damages moots Count I of the Complaint. Plaintiff may be entitled to attorneys' fees on this claim pursuant 29 U.S.C. § 216(b); however, the issue of attorneys' fees is a collateral matter and does not involve the merits of the case. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200 (1988). Consequently, the issue of attorneys' fees does not prevent this Court from finding the FLSA claim moot.

Thus, the Motion to Dismiss is granted as to Count I. The Court directs the parties to confer regarding the issue of attorneys' fees in an attempt to resolve such issue without court intervention. However, if the parties cannot come to an agreement as to this issue, Plaintiff may file a Motion for Attorneys' fees on or before October 1, 2012.

### B. Count II

In Count II, Plaintiff asserts a claim against Defendants based on Defendants' alleged failure to notify Plaintiff of her COBRA rights. (Doc. # 1 at 7). Defendants argue that notification of extended health care coverage under COBRA is not required pursuant to 29 U.S.C. § 1161, if all employers maintaining a health care plan normally employ fewer than 20 employees on a typical business day during the preceding calendar year. Defendants contend they fall within this exception to COBRA's application because they employed less than the threshold amount of 20 employees during 2011.

As proof, Defendants filed Florida Department of Revenue Employer's Quarterly Report statements from January 1, 2011, to December 31, 2011, for Defendant companies Community Dental and Argus Dental which purport to show less than 20 employees employed at each company during the relevant time. (Doc. # 11 at 13-20). Plaintiff responded to the Motion to Dismiss by

8

providing an employee roster for Community Dental, Argus Dental, and "Dr. Nick's" totaling 28 employees. (Doc. # 12-1).[2]

Under Fed.R.Civ.P. 12(b)(1), the Court may look outside the four corners of the complaint and examine conflicting exhibits if the Court is evaluating whether it has subject matter jurisdiction over a claim. Eaton, 692 F.2d at 732. Here, however, the Court has subject matter jurisdiction over Plaintiff's COBRA claims, and the Court determines that Defendants' arguments are better suited for summary judgment analysis, rather than analysis under the prism of Rule 12(b)(1).[3] It would be an erroneous result to dismiss Plaintiff's COBRA claim pursuant to Rule 12(b)(1). See Arbaugh v. Y & H Corp., 546 U.S. 500, 511 (2006)("Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief--a merits-related

---

[2] Dr. Nick's is not a Defendant in this action, and the parties have not discussed the relevance, if any, of Dr. Nick's.

[3] In addition, it should be noted that the parties' arguments would not be appropriately considered pursuant to Rule 12(b)(6) because such arguments are based on documents external to the pleadings.

9

determination.")(internal citations omitted).

At this early stage of the pleadings and without the aid of discovery to uncover the true facts concerning the number of Defendants' employees, there is no way for the Court to appropriately determine the legitimacy of Plaintiff's COBRA claim. Defendants' arguments are prematurely and incorrectly asserted in the present Motion pursuant to Rule 12(b)(1). Therefore, the Court declines to dismiss Count II.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Dismiss (Doc. # 11) is **GRANTED** to the extent that Count I of the Complaint is dismissed. The Court **DENIES** the Motion as to Count II.

(2) Plaintiff may file a Motion for Attorneys' Fees concerning the FLSA claim by October 1, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of September, 2012.

/s/ Virginia M. Hernandez Covington<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record